IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAREVENTS, INC.<br>1609 W. Belmont Ave. 2nd Floor<br>Chicago, IL 60657,<br><br>    Plaintiff,<br><br> v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>    Defendants. | Civil Action No. _____ |

## **COMPLAINT**

Plaintiff Star Events, Inc. ("StarEvents"), by and through counsel, alleges and states as follows:

### INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

1

3. Plaintiff StarEvents demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied StarEvents's application and its appeal. The sole reason StarEvents was given for the denial was that "did not meet the principal business activity standard for the entity type under which it applied." This explanation is completely conclusory and sheds no light on the true reason for the denial.

4. For the past 25 years Plaintiff StarEvents has produced large festivals with live entertainment in Chicago, IL for thousands of attendees and has raised more than $15,000,000 for local non-profit organizations and businesses over the years. The COVID-19 pandemic has had a devastating impact on StarEvents, forcing it to lose over 90% of its revenue in 2020 as compared to 2019 and forcing StarEvents to cancel numerous vendor and performance contracts.

5. StarEvents needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible businesses like StarEvents recover from the major setbacks they have experienced because of the pandemic.

6. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though StarEvents demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of StarEvents's application.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff StarEvents is an event production company in Chicago, IL that, as its principal business activity, produces large outdoor festivals with live entertainment. StarEvents has been in operation for over 25 years. StarEvents handles all aspects of the event and festival production, including procuring stages, audio visual equipment, permits, licenses, insurance, as well as booking all the talent (over 250 acts per year).

11. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

12. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A. Shuttered Venue Operators Grant Program**

13. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No.117-2 § 5005(a).

14. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

15. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

16. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent

of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

17. Eligible entities under the Act include live performing arts organization operators and live venue operators, as well as promoters, theatrical producers, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

18. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

19. The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement,and not less than 70 percent of revenue is generated through ticket sales or event beverages, foodor merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

20. The Act specifies that for a live performing arts organization operator (as well as a live venue operator or promotor, or theatrical producer) to be eligible, it must have additional

characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

### B. StarEvents's SVOG Application and the SBA's Denial

21. StarEvents applied for a SVOG award of $602,365.50.

22. In its application, StarEvents demonstrated that it satisfied the criteria for eligibility as "a live venue operator or promoter, theatrical producer, or live performing arts organization operator." *See* 15 U.S.C. § 9009a(a)(3)(A) (defining the term "live venue operator or promotor, theatrical producer, or live performing arts organization operator"). StarEvents demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its financial statements and tax returns for 2019 and 2020. StarEvents also submitted, among other things: (i) documents demonstrating the performance space and defined audience space (floor plan), lighting rig (receipts), and audio equipment (receipts). StarEvents further provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

23. StarEvents learned from the SBA's portal that its application was denied. No reason was given to StarEvents for its denial.

24. StarEvents submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, StarEvents's appeal elaborated on why it satisfies all of the criteria for eligibility as a live performing arts organization operator.

25. StarEvents explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility

requirements for live performing arts organization operators. StarEvents's supporting documentation included: its quarterly income statements for 2019 and 2020; 2019 and 2020 tax returns; advertising receipts; box office records reflecting cover charges and ticket sales; payroll records; profit and loss statements reflecting expenses for promotional efforts and expenses for talent acts; floorplans demonstrating defined performance spaces and audience spaces; receipts for sound equipment, and lighting equipment; marketing materials; and other documentation.

26. On November 8, 2021, the SBA notified StarEvents that its appeal was denied. The portal's denial notice gave only a conclusory explanation that StarEvents "did not meet the principal business activity standard" for the reason why the SBA found StarEvents ineligible.

27. The SBA's denial of StarEvents's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

28. The courts recognize a strong presumption favoring judicial review of administrative action.

29. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

31. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33. StarEvents realleges and incorporates by reference each of the preceding paragraphs and allegations.

34. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying StarEvents's application, nor did it provide any substantive reason when it denied StarEvents's appeal. The SBA's sole explanation was that StarEvents "did not meet the principal business activity standard". This explanation is conclusory and inadequate under the APA.

35. Indeed, the SBA's decision on StarEvents's application conflicts with the evidence of StarEvents's eligibility that it presented to SBA in its application and in its appeal.

36. The SBA further erred by treating StarEvents disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the SVOG application of StarEvents's competitors:

- Riot Fest Corporation
- NCMF LLC

37. The SBAs funding of the aforementioned entities has further exacerbated StarEvents's Covid related damages. After receiving funding from the SBA, these competitors have been able to work with vendors and contractors that were previously a part of StarEvents's network. The SVOG funding has served as a significant competitive advantage to StarEvents's competitors.

38. For each of these reasons, the SBA's denial of StarEvents's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

39. StarEvents realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. StarEvents meets the Act's definition of a live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

41. The SBA's denial of StarEvents's SVOG award request therefore violated the Act and is contrary to law.

### COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

42. StarEvents realleges and incorporates by reference each of the preceding paragraphs and allegations.

43. The SBA's denial of StarEvents's SVOG award request is supported by no evidence in the record, let alone substantial evidence. StarEvents's application and appeal presented evidence that demonstrates StarEvents is eligible for a SVOG award.

44. The SBA's denial of StarEvents's SVOG award request is thus unsupported by substantial evidence.

### PRAYER FOR RELIEF

For the foregoing reasons, StarEvents respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of StarEvents's SVOG award request.

2. Preliminarily and permanently order Defendants to consider StarEvents's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award StarEvents $548,720.50 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant StarEvents a supplemental SVOG award of $301,182.75.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260

§ 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund StarEvents's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: February 12, 2022                               Respectfully submitted,

/s/ Tyler W. Hudson
Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton
Missouri Bar No. 64112
(*pro hac vice* motion to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com

Matthew S. Mokwa
Fla. Bar No.47761
(*pro hac vice* motion to be filed)
THE MAHER LAW FIRM, PA
271 West Canton Ave, Suite 1
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

Jeffrey E. McFadden
D.C. Bar No. 434234
LAW OFFICES OF JEFFEREY E. MCFADDEN
312 Prospect Bay Drive E.
Gransonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

***Counsel for StarEvents, Inc.***