**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STAREVENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, <br> ISABELLA CASILLAS GUZMAN, <br><br> Defendants. | Civil Action No. 1:22-cv-00380-JDB <br><br> Judge John D. Bates |

**AMENDED COMPLAINT**

Plaintiff StarEvents, Inc. ("StarEvents"), by and through counsel, for its Amended Complaint, alleges and states as follows:

**INTRODUCTION**

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, § 706(1) for unreasonable delay by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman on StarEvents's application for emergency financial assistance.

2.      It also seeks declaratory relief under 28 U.S.C. § 2201, that, due to the SBA's unreasonable delay in reaching a final decision on StarEvents's application, certain deadlines contained in 15 U.S.C. § 9009a(d)(1) purporting to limit the uses of awarded funds, if any, to costs incurred as of December 31, 2021 (or, in the case of a supplemental grant being awarded, by June 30, 2022), are unenforceable as applied to StarEvents on the grounds that such deadlines, as applied, would violate the Due Process Clause of the Fifth Amendment to the United States Constitution, or, alternatively, that any such application would be inconsistent with a proper construction of Congressional intent.

3.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as

amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

4.   In passing the Economic Aid Act with a deadline of December 31, 2021 for eligible businesses to incur costs that may be paid with an SVOG award for initial grant awards, and a deadline of June 30, 2022 for eligible businesses to incur costs that may be paid with an SVOG award for supplemental grant awards, Congress plainly intended for the SBA to decide applications sometime before the December 31, 2021 statutory deadline.

5.   The SBA has not resolved StarEvents's SVOG application that has been pending for months and has indicated that it does not intend to resolve it until after June 30, 2022, well beyond the time that Congress intended.

6.   Defendants' unreasonable delay warrants an order compelling Defendants to decide StarEvents's application as soon as possible, so that StarEvents can use the emergency assistance as Congress provided.

7.   Further, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though StarEvents demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of StarEvents's application.

**JURISDICTION AND VENUE**

8.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

9.   Venue lies in this district under 28 U.S.C. § 1391(e)(1).

2

10. This Court has authority to issue injunctive relief under 5 U.S.C. § 706(1).

**PARTIES**

11. Plaintiff StarEvents is a live performing arts organization operator that, for the past 25 years, has produced large festivals with live entertainment in Chicago, IL for thousands of attendees and has raised more than $15,000,000 for local non-profit organizations and businesses over the years.

12. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

13. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

**A. Shuttered Venue Operators Grant Program**

14. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No.117-2 § 5005(a).

15. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019, up to a maximum award of $10 million. 15 U.S.C. § 9009a(c).

17. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent

of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

18.    Eligible entities under the Act include live performing arts organization operators, as well as theatrical producers, live venue promoters and operators, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

19.    In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

20.    The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement,and not less than 70 percent of revenue is generated through ticket sales or event beverages, foodor merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

21.    The Act specifies that for a live performing arts organization operator (as well as a live venue operator, theatrical producer, or live venue promoter) to be eligible, it must have

additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. StarEvents's SVOG Application and the SBA's Denial**

22.  On April 26, 2021, StarEvents applied for a SVOG award of $602,365.50.

23.  In its application, StarEvents demonstrated that it satisfied the criteria for eligibility as a "live venue operator or promoter, theatrical producer, or live performing arts organization operator." *See* 15 U.S.C. § 9009a(a)(3)(A) (defining the term "live venue operator or promoter, theatrical producer, or live performing arts organization operator"). StarEvents demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its financial statements and tax returns for 2019 and 2020.  StarEvents also submitted, among other things: (i) documents demonstrating the performance space and defined audience space (floor plan), lighting rig (receipts), and audio equipment (receipts). StarEvents further provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

24.  On August 17, 2021, StarEvents learned from the SBA's portal that its application was denied. No reason was given to StarEvents for its denial.

25.  On September 9, 2021, StarEvents then submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, StarEvents's appeal elaborated on why it satisfies allcriteria for eligibility as a live performing arts organization operator.

26.  StarEvents explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility

requirements for live performing arts organization operators. StarEvents's supporting documentation included: its quarterly income statements for 2019 and 2020; 2019 and 2020 tax returns; advertising receipts; box office records reflecting cover charges and ticket sales; payroll records; profit and loss statements reflecting expenses for promotional efforts and expenses for talent acts; floorplans demonstrating defined performance spaces and audience spaces; receipts for sound equipment and lighting equipment; marketing materials; and other documentation.

27. On November 8, 2021, SBA notified StarEvents that its appeal was denied. The portal's denial notice gave only a conclusory explanation that StarEvents "did not meet the principal business activity standard" for the reason why the SBA found StarEvents ineligible.

28. On February 12, 2022, StarEvents filed this action seeking judicial review of the appeal denial.

29. On April 25, 2022, the SBA submitted its answer to the complaint.

30. On May 13, 2022, the SBA notified StarEvents that it was rescinding its prior, final decision.

31. StarEvents desperately needs the SVOG award funds for which it demonstrated eligibility. The COVID-19 pandemic has had a devastating impact on StarEvents, forcing it to lose over 90% of its revenue in 2020 as compared to 2019 and forcing StarEvents to cancel numerous vendor and performance contracts. StarEvents needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible businesses like StarEvents recover from the major setbacks they have experienced because of the pandemic.

32. While StarEvents waits for resolution of its SVOG application, its financial condition continues to deteriorate. Meanwhile, other similar businesses have already received their SVOG awards, including:

- Riot Fest Corporation

- NCMF LLC

33.    The SBA's funding of the aforementioned entities has further exacerbated StarEvents's damages. After receiving funding from the SBA, these competitors have been able to work with vendors and contractors that were previously a part of StarEvents's network. The SVOG funding has served as a significant competitive advantage to StarEvents's competitors.

**CLAIMS FOR RELIEF**

**COUNT I – UNREASONABLE DELAY**

34.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs and allegations.

35.    The APA authorizes the Court to "compel agency action unlawfully withheld or unreasonably delayed." 5. U.S.C. § 706(1).

36.    In passing the Economic Aid Act with a December 31, 2021 deadline to incur costs that are payable with SVOG award funds, Congress intended for the SBA to decide SVOG applications sometime before that deadline.  Consistent with that intent, the SBA, in fact, awarded the vast majority of SVOG funds to claimants prior to the December 31, 2021 deadline for incurring eligible costs.

37.    As to StarEvents, however, the SBA has unreasonably delayed.  It has had StarEvents's application for over a year, and it received StarEvents's action seeking judicial review of its prior final decision denying the award in February of 2022.  Recently, the SBA has rescinded its final decision as to StarEvents, effectively seeking to start over the process over a year after StarEvents filed its application.

38.    These delays are prejudicial to StarEvents, as the purpose of the statutory program was to provide quick, time-sensitive economic relief to businesses acutely impacted by the Covid-19 pandemic.  Many of StarEvents's competitors and peer companies have received SVOG grants

7

many months ago and have been able to use those grants to help recover and resume normal operations, but StarEvents remains in financial distress from the lack of revenues caused by the pandemic.

39.    The SBA's failure to decide StarEvents's SVOG application in a reasonable time frame, including by December 31, 2021, constitutes unreasonable delay.

40.    The SBA's continued lack of a final decision on StarEvents's application constitutes additional and continuing unreasonable delay, with further prejudice to StarEvents's occurring because of the June 30, 2022 deadline for incurring costs eligible for use with SVOG grant funds if StarEvents's qualifies for a supplemental grant.  Uncertainty about whether such funds may be awarded to StarEvents creates a present hardship and prejudice to StarEvents in deciding whether, and how many, costs it can incur prior to June 30, 2022, which affects what business activities and events it can plan and prepare for, currently.

### COUNT II – DECLARATORY JUDGMENT

41.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs and allegations.

42.    Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, that, due to the SBA's unreasonable delay in reaching a final decision on StarEvents's application, certain deadlines contained in 15 U.S.C. § 9009a(d)(1) purporting to limit the uses of awarded funds, if any, to costs incurred as of December 31, 2021 (or, in the case of a supplemental grant being awarded, by June 30, 2022), are unenforceable as applied to StarEvents on the grounds that such deadlines, as applied, would violate the Due Process Clause of the Fifth Amendment to the United States Constitution, or, alternatively, that any such application would be inconsistent with a proper construction of Congressional intent.

43.    It is contrary to Congress's intent in creating the emergency relief in the SVOG program, that the SBA delay decisions on applicants beyond the deadlines established by Congress for

incurring costs to which the statutory funds awarded may be used.  In declaring the rights of Plaintiff under the relevant federal statutes, it should construe the Act, as applied to Plaintiff, as not requiring Plaintiff to incur costs for which the grant funds may be used prior to the expiration of the statutory deadlines.

44.    There is no rational basis for StarEvents and other applicants being subject to prejudice from deadlines in the statute that affect them differently than nearly all other SVOG applicants and recipients based only on the SBA's delay in reaching a final decision on StarEvents's application.

45.    It denies StarEvents's right to due process to be forced to decide whether to incur costs for which it would use SVOG funds, if awarded, without knowing whether it will receive such funds, when the overwhelming majority of SVOG claimants, including StarEvents's competitors, did not face such a difficult choice because they received their decisions and awards well before the first statutory deadline applicable to incurring eligible costs of December 31, 2021.

46.    There is no rational basis or justification for StarEvents being treated differently than other SVOG applicants based solely on the delay by the SBA in reaching a final decision on its application.

47.    The Court should declare that the statutory deadlines in 15 U.S.C. § 9009a(d)(1) are unenforceable as applied to StarEvents on the grounds that they violate the Due Process Clause of the Fifth Amendment to the United States Constitution, including the concept of the equal protection of laws embodied within the right of due process.

## PRAYER FOR RELIEF

For the foregoing reasons, StarEvents respectfully requests that this Court:

1.    Enter an order compelling Defendants to decide StarEvents's SVOG award application as soon as possible.

2.    Enter an order declaring that the statutory deadlines in 15 U.S.C. § 9009a(d)(1) are

unenforceable as applied to StarEvents on the grounds that Congress did not intend for the deadlines to apply to an applicant who did not receive its award prior to December 31, 2021, or, alternatively, that application of such deadlines to StarEvents would violate the Due Process Clause of the Fifth Amendment to the United States Constitution, including the concept of the equal protection of laws embodied within the right of due process.

3.      Award Plaintiffs their costs and reasonable attorney fees to the extent allowable by law; and

4.      Grant such other and further relief as the Court deems just and proper.


Dated: May 23, 2022                              Respectfully submitted,

                                                 /s/ *Jeffrey E. McFadden*
                                                 Jeffrey E. McFadden
                                                 D.C. Bar No 434234
                                                 LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                                 312 Prospect Bay Drive E
                                                 Grasonville, MD 21638-1181
                                                 410-490-1163
                                                 jmcfadden@jmcfaddenlaw.com

                                                 Tyler W. Hudson
                                                 D.C. Bar No. 485971
                                                 Eric D. Barton (*pro hac vice* application to be filed)
                                                 WAGSTAFF & CARTMELL LLP
                                                 4740 Grand Ave., Suite 300
                                                 Kansas City, MO 64112
                                                 816-701-1100
                                                 thudson@wcllp.com
                                                 ebarton@wcllp.com

                                                 Matthew S. Mokwa
                                                 Fla. Bar No. 47761
                                                 (*pro hac vice* application to be filed)
                                                 THE MAHER LAW FIRM, PA
                                                 271 West Canton Ave., Suite 1
                                                 Winter Park, FL 32789
                                                 407-839-0866
                                                 mmokwa@maherlawfirm.com

                                                 ***Counsel for StarEvents, Inc.***

10