IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STAREVENTS, INC.,

              Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION, *et al.,*

              Defendants.

Civ. A. No. 22-00380 (JDB)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants' dispositive motions (ECF No. 15) filed in response to Plaintiff's Amended Complaint (ECF No. 14) – and which have been filed without Defendants certifying or producing the administrative record or affording Plaintiff any opportunity for discovery – are substantively and procedurally flawed. This Court's subject matter jurisdiction is not seriously questioned. Plaintiff has pleaded claims sufficiently to move forward to a merits hearing based on a full, factual record, which has yet to be compiled or disclosed. Further, at least one other judge in this District has recognized the plausibility and legal sufficiency of a claim of "unreasonable delay" by the SBA under circumstances similar to those presented here. *See* Minute Order, June 8, 2022, *Champion Matters LLC v. Small Business Administration*, No. 22-cv-00616-RDM (attached hereto as Exhibit 1). Thus, neither Rule 12 nor Rule 56 provides a basis for dismissal at this juncture. Defendant's motions should be denied.

**INTRODUCTION**

In December 2020 Congress established the SVOG Program and appropriated $15 billion for grants of emergency financial assistance to eligible businesses impacted by the global

COVID-19 pandemic. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, provided an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a). Eligible businesses that suffered a minimum 25% reduction in revenue in 2020 and losses in 2021 of 70% as compared to 2019 were eligible for both initial and supplemental SVOG awards. 15 U.S.C. § 9009a(a)(A)(i)(II), (b)(3). Initial and supplemental awards can be used for specified business expenses including rent, maintenance, and administrative costs. *Id*. § 9009a(d).  The Economic Aid Act specifies that SVOG award funds may be used for costs incurred between March 1, 2020 and December 31, 2021. Id. § 9009a(d)(1)(A)(i). For businesses eligible for both an initial and supplemental award, the deadline to incur allowable costs is extended to June 30, 2022. *Id*. § 9009a(d)(1)(A)(ii). For recipients of only initial awards, any funds that are not expended on eligible costs within one year of disbursement of the award must be returned to the SBA. *Id*. § 9009a(d)(1)(B)(i). Recipients of both initial and supplemental awards must return any expended funds not used within 18 months of disbursement. *Id*. § 9009a(d)(1)(B)(ii).

Plaintiff StarEvents, Inc. ("StarEvents" or the "Company"), a live performing arts organization operator based in Chicago, IL that, for the past 25 years, has produced large festivals with live entertainment for thousands of attendees, applied for emergency assistance through the Shuttered Venue Operators Grant ("SVOG") Program in April 2021. Over a year after first applying, and nearly three months after StarEvents filed this lawsuit, the SBA rescinded its denial of StarEvents's application without substantive explanation, essentially going back to the starting line on its review of StarEvents's eligibility for an SVOG grant.  With no final decision for StarEvents to accept or challenge, the SBA's latest action in rescinding its

2

prior decision merely seeks to insulate its original, "final" action from judicial review, while forcing StarEvents back to simply waiting for a new, "final" decision from the SBA.

The SBA cannot be allowed to evade judicial review, potentially indefinitely, by using this technique of rescinding prior decisions as soon as they are about to have consequences because of litigation deadlines.  The SBA has offered no reasonable or rational basis for why StarEvents is being treated differently than the tens of thousands of other SVOG applicants who received final decisions on their awards in the fall of 2020, and many of which have received *supplemental* awards, even though the statutory scheme clearly contemplated that initial awards for timely applicants would be decided before the awarding of supplemental awards.  StarEvents has pleaded valid claims for unreasonable delay and for as-applied constitutional challenges (on equal protection due process grounds) to the statutory deadlines that the SBA is ignoring. Defendants' motions should be denied.

Further, the SBA cannot obtain Rule 56 relief at this time through a one-sided motion procedure in which it refuses to produce its administrative record to Plaintiff, in violation of local rules, yet submits a self-serving affidavit that Plaintiff has had no opportunity to test or challenge through discovery and by examination against the administrative record.  Defendant has not properly moved for Rule 56 relief, and thus the Court should either deny the motion outright, or, defer any ruling on it until after Plaintiff has had an opportunity to receive and review the administrative record and conduct discovery.

## ARGUMENT

### I.    This Court has subject matter jurisdiction.

Defendants first argue that Plaintiff's complaint is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.  This argument fails for two reasons: (1) as

Defendants concede, there is statutory jurisdiction and a waiver of sovereign immunity for Plaintiffs' first claim of "unreasonably delay" by the SBA in reaching a final determination of Plaintiff's application for an SVOG grant (ECF No. 15, at pp. 10-11)[1]; and (2) Defendants do not even challenge the Court's subject matter jurisdiction over Plaintiff's Count II, seeking declaratory relief, and there is clear subject matter jurisdiction for that claim as alleged in the Amended Complaint under 28 U.S.C. § 2201.  Thus, Rule 12(b)(1) provides no basis to dismiss Plaintiff's Amended Complaint.

Defendants' merits-based arguments under the "*TRAC f*actors" articulated in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) are premature and do not go to subject-matter jurisdiction.  No sovereign-immunity-based jurisdictional issue was raised in *TRAC*; the only jurisdictional issue raised in *TRAC* is not present here (whether the Court of Appeals had exclusive subject matter jurisdiction over the mandamus action).  Further, the Court in *TRAC* expressly held that it *had* jurisdiction and *would retain* jurisdiction over the claim of unreasonable delay alleged in that case.  Thus, neither the *TRAC* case, itself, nor any other case cited by Defendants supports the relief Defendants seek here – for the Court to perform a merits-based application of the *TRAC* factors to an incomplete factual record to reach a conclusion that it has no subject matter jurisdiction.  Clearly, there is no issue here of the Court's subject matter jurisdiction under Rule 12(b)(1).

Thus, while consideration of the *TRAC* factors is a merits inquiry that should await the full administrative record and any limited discovery that is appropriate here on the SBA's

---

[1] Defendants recognize that, when the Small Business Administration ("SBA") Administrator acts outside of her authority through unreasonable delay, the no-injunction provision of the Small Business Act's sue-and-be-sued clause, 15 U.S.C. § 634(b)(1), does not bar injunctive relief. Defs.' Opp. at 11, ECF No. 15 (citing *U.S. Women's Chamber of Com. v. U.S. Small Bus. Admin.*, No. 1:04-CV-01889, 2005 WL 3244182, at *15 (D.D.C. Nov. 30, 2005)).

unreasonable delay, to the extent the Court examines those factors at this juncture, the only lens through which they should be considered at this point is whether, under Rule 12(b)(6), Plaintiff's Amended Complaint sufficiently states a claim for relief for "unreasonable delay" by the SBA, viewing all allegations in the light most favorable to Plaintiff.

II.       **Plaintiff's Amended Complaint sufficiently states claims for relief.**

As Defendants concede, ECF No. 15, at p. 9, to survive a motion to dismiss under Rule 12(b)(6), Plaintiff's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 570 (2007)).  The pleadings are to be construed broadly, accepting as true all facts pleaded therein, and all inferences are viewed in a light favorable to plaintiff.  *Id.*

Defendants' limited Rule 12(b)(6) argument fails to apply the proper Rule 12(b)(6) framework.  Under a Rule 12(b)(6) review, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." *Kursar v. Transportation Sec. Admin.,* 751 F. Supp. 2d 154, 164 (D.D.C. 2010), *aff'd*, 442 F. App'x 565 (D.C. Cir. 2011) (quoting *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997)).

Rather than undertaking such an argument based upon the alleged insufficiency of the allegations in the Amended Complaint, however, Defendants' argument under Rule 12(b)(6) only adopts or incorporates its fact-based arguments that cite and rely extensively (citing more than a dozen paragraphs over multiple pages) on the Declaration of Matthew T. Stevens, Director of the SVOG Program.  Defendants do not suggest that the Court should take judicial notice of the more than 34 paragraphs of testimony offered by Mr. Stevens.  Yet, Defendants offer no

argument for dismissal that is not based, in part, on that declaration, which the Court must ignore for purposes of Rule 12(b)(6).  The Court may deny Defendants' motion under Rule 12(b)(6) just based on the fact that the Defendants, themselves, have offered no arguments to the Court for dismissal under a proper Rule 12(b)(6) framework, despite acknowledging that framework in their brief.

Under a proper Rule 12(b)(6) analysis of the Amended Complaint, Plaintiffs' claims are sufficiently pled.  Both Counts I and II offer facts beyond mere legal conclusions to make plausible the claims alleged and that support the relief sought.  In support of Count I for unreasonable delay, Plaintiff alleges, for example, that StarEvents applied for an SVOG grant on April 26, 2021 (ECF Doc. 14 ¶ 22), that the SBA originally denied the grant on or before August 17, 2021 (*Id.* ¶ 24), but that after StarEvents filed this action seeking judicial review of that denial, the SBA *rescinded* its earlier final decision, effectively returning StarEvents to a status of having applied for the grant more than a year ago but still lacking a final decision by the SBA. (*Id.* ¶¶ 28-30, 37.)  Such a delay in even reaching a final decision that Plaintiff could challenge, if adverse, is particularly unreasonable given the facts, as alleged by Plaintiff, that Congress had included a timetable for decisions by the SBA that expected the SBA to decide these applications before December 31, 2021, which was a deadline included in the statutory program at issue for grantees to use the grant funds (*id.* ¶ 36); that the SBA has awarded competitors of Plaintiff grants under this program, putting Plaintiff at a disadvantage to such competitors (*id.* ¶ 38); and that Plaintiff has a compelling need for these emergency funds to restore its business (*id.* ¶ 40), which is exactly what this grant program was intended to do for applicants like Plaintiff who have suffered from the adverse effects of the Covid pandemic.  All of these allegations

sufficiently plead a claim for "unreasonable delay" by the SBA.  Thus, Defendants' motion to dismiss should be denied.

The legal sufficiency of Plaintiffs' unreasonable delay claim is further supported by the legal determination and reasoning of Judge Moss in conveying that Court's preliminary inclination to grant the plaintiff's motion for preliminary injunction on its unreasonable delay claim, based on similar facts and circumstances, in *Champion Matters LLC v. Small Business Administration*, No. 22-cv-00616-RDM.

Reference to the *TRAC* factors only supports the conclusion that Defendants' present motions should be denied.  Factor 1, that the timing with which agencies act must be governed by a rule of reason, suggests that this inquiry should be done carefully with reference to a full factual and administrative record, which is not yet present here.  Factor 2 supports Plaintiffs' allegation because Congress did provide a timetable for decision as alleged in the Amended Complaint, and Defendants have failed to meet that timetable (decisions before December 31, 2021) with respect to Plaintiff.  Factor 3 supports Plaintiff in that the statutory program at issue is not one in the realm of mere "economic regulation," but arises from the catastrophic economic consequences of a global pandemic that disrupted jobs, livelihoods, and "human health and welfare," and the statutory program at issue was intended to address these effects in an expeditious manner that has been frustrated by the SBA's delays.  Factor 4 supports Plaintiff because Defendants have not identified a higher or competing priority for their resources than completing this program.  Factor 5 supports Plaintiff because the nature of the interests prejudiced by delay are the very interests (expedited and emergency economic relief to businesses directly impacted by the pandemic) for which the statutory program in question was

enacted to address – emergency economic relief.  Finally, Factor 6 (bad faith) is neither alleged nor necessary for delays to be found unreasonable.

In support of Count II, for declaratory relief, Plaintiff alleges the statutory and constitutional grounds for the declaratory relief it seeks, and, identifies the constitutional standard (rational basis) applicable to its challenge, as well as the facts supporting why that standard is not present in Plaintiff being treated differently from nearly all other applicants in the timing with which the SBA has considered its application for SVOG relief.  (*Id.* ¶¶ 42-46.) These allegations clearly are sufficient to state a claim for relief under Rule 12(b)(6).  Defendant does not argue otherwise.  To the extent Defendants seek dismissal of the Amended Complaint under Rule 12(b)(6), despite not arguing for such relief under the proper framework, such motion should be denied.

### III.     It is premature for Defendants to seek a ruling under Rule 56.

Similarly, Defendants' alternative request asking the Court to enter summary judgment in its favor is premature and must be denied.  Local rules are clear that, in cases involving the judicial review of administrative agency action, and unless otherwise ordered by the Court (which has not happened here), "the agency *must* file a certified list of the contents of the administrative record with the Court . . . simultaneously with the filing of a dispositive motion." LCvR 7(n)(1).  Defendants have not done so here.  Instead, Defendants argue in a footnote that production of the administrative record is "unnecessary" because, among other things, "the Agency seeks to dismiss this case not based on administrative record, but instead based on the facts alleged in the complaint and the present status of the SVOG application."  ECF No. 15, at p. 19, n.4.

8

Such a concession by Defendants essentially asks the Court *not* to decide the case under Rule 56, but rather under Rule 12(b)(6), which, for reasons argued above, is also inappropriate. Clearly, it is inappropriate and unfair for Defendants to seek summary judgment on the claims alleged in the Amended Complaint, and to submit an untested Declaration purporting to support the merits of its position, and yet to provide no access to Plaintiff to the administrative record of its actions in connection with Plaintiffs' application, nor, before Plaintiff has had any opportunity to conduct any limited discovery on its allegations.

As contemplated by the local rules, Count I of Plaintiff's Amended Complaint, seeking review of and relief from the SBA's "unreasonable delay" in deciding Plaintiff's SVOG application, cannot be decided on summary judgment prior to production of the administrative record.  Among other things, the administrative record will inform any merits inquiry into the reasonableness of the SBA's actions with respect to Plaintiff.  Further, to the extent the SBA seeks to rely upon testimony from its Director, Matthew Stevens, or others, the Plaintiffs are entitled to depose Mr. Stevens to cross-examine his testimony and complete that factual record before the Court should make a merits-based determination or weigh any testimony offered by the SBA through Mr. Stevens.  Plaintiffs may also seek limited discovery regarding the facts concerning why it has been treated differently than thousands of other SVOG applications whose decisions were rendered in a timely fashion by the SBA, and whether there is any rational basis for such differential treatment of Plaintiff, and whether due process has been denied to Plaintiff or Congressional intent thwarted by the SBA's delay in reaching a final decision on Plaintiff's application.

All of those issues require and warrant the completion of a factual record before the Court makes a final, merit-based decision under Rule 56 or otherwise.  Defendant has not

9

complied with local rules or otherwise afforded Plaintiff with a fair opportunity to complete such

a factual record.  Thus, its request for a ruling under Rule 56 is premature and must be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss.

Likewise, this Court should deny Defendants' Motion for Summary Judgment.


Dated: July 7, 2022                                    Respectfully submitted,


                                                       /s/_Jeffrey E. McFadden_____
                                                       Jeffrey E. McFadden
                                                       (DC. Bar No. 434234)
                                                       LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                                       312 Prospect Bay Drive East
                                                       Grasonville, MD 21638
                                                       (410) 490-1163
                                                       jmcfadden@jmcfaddenlaw

                                                       ***Counsel for Plaintiff***