UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAREVENTS, INC., <br><br>            *Plaintiff,* <br><br>    v. <br><br> SMALL BUISNESS ADMINISTRATION, <br> *et al.*, <br><br>            *Defendants*. | Civil Action No. 22-0380 (JDB) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>**

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

July 12, 2022                          *Attorneys for Defendant*

## **TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………………...1

ARGUMENT…………………………………………………………………………………...2

    I.     There is No Administrative Record to Produce …………………………………......2

    II.    The Timing of Defendants' Motion Was Proper…………………………………....3

    III.   The Stevens Declaration is Offered Only for Purposes of Defendants' Alternative Motion for Summary Judgment ………………………………………………………4

CONCLUSION…………………………………………………………………………………6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Rivers & Idaho Rivers United,*
    372 F.3d 413 (D.C. Cir. 2004) ................................................................................................ 5
*Limnia, Inc. v. U.S. Dep't of Energy,*
    347 F. Supp. 3d 25 (D.D.C. 2018) .......................................................................................... 4
*Nat'l Law Ctr. on Homelessness & Poverty v. Dep't of Veterans Affairs,*
    842 F. Supp. 2d 127 (D.D.C. 2012) ........................................................................................ 2
*Telecommunications Research & Action Center ("TRAC") v. FCC,*
    750 F.2d 70 (D.C. Cir. 1984) ............................................................................................. 1, 2

**Rules**

Fed. R. Civ. P. 12 ....................................................................................................................... 3-5
Fed. R. Civ. P. 56 ....................................................................................................................... 3-5
Local Civ. R. 7………………………………………………………………………..1-2

**INTRODUCTION**

Defendants, the Small Business Administration ("SBA") and Isabella Casillas Guzman, in her official capacity as SBA Administrator (collectively "Defendants"), by and through undersigned counsel, respectfully submit this reply memorandum in further support of their motion to dismiss or, in the alternative, for summary judgment with respect to Plaintiff StarEvents, Inc. ("Plaintiff") Amended Complaint alleging an unreasonable delay under the Administrative Procedure Act ("APA") and a due process challenge.  *See* ECF No. 15 (Defs' Motion").

As discussed in Defendants' Motion, the Court should find that Plaintiff fails to state a claim upon which relief may be granted because the pace of SBA issuing a new decision in this matter is not unreasonable as a matter of law under the factors identified in *Telecommunications Research & Action Center* ("*TRAC*") *v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).  Even if the Court were to find that Plaintiff's Amended Complaint was sufficient to survive dismissal, the Court should enter judgement for Defendants because there is no genuine dispute that the agency's pace has been reasonable.  Finally, the Court should find that Plaintiff's due process claim is foreclosed because it is merely a repackaging of Plaintiff's unreasonable delay claim that otherwise fails to state a claim upon which relief may be granted.

Plaintiff's memorandum in opposition, ECF No. 16 ("Pl's Opp."), is both procedurally flawed and otherwise lacking in merit.  As a threshold matter, Plaintiff failed to include with its opposition a statement of genuine issues as required by Local Civil Rule 7(h)(1).[1]  As a result, the

---

[1]    Although this case raises an APA claim, it is a claim of unreasonable delay and therefore one challenging agency inaction as opposed to final agency action.  Because there is no final agency action or administrative record at issue, Local Civil Rule 7(h)(2)'s exception to the general rule requiring statements of material facts and statements of genuine issues for "cases in which judicial review is based solely on the administrative record" does not apply.  Moreover, Plaintiff's Amended Complaint raises a due process claim in addition to the APA claim.  A statement of genuine issues was therefore required in response to Defendants' Motion for Summary Judgment.

Court should "assume that facts identified by the moving party in its statement of material facts are admitted[.]"  *Id*.  After so doing, the Court should not struggle to cast aside each of the remaining arguments advanced in Plaintiff's opposition, addressed in turn below, which are based on a misunderstanding of applicable Federal Rules of Civil Procedure ("Rules") and relevant law.[2]  Accordingly, the Court should grant Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment.

## ARGUMENT

### I.   There is No Administrative Record to Produce.

Plaintiff's opposition makes much of the fact that Defendants' dispositive motion was "made without certifying or producing the administrative record," Pl.'s Opp. at 1, and that "consideration of the *TRAC* factors is a merits inquiry that should await the full administrative record," Pl.'s Opp. at 4, 7-9.  But Plaintiff fails to recognize the fact that for an unreasonable delay claim such as the one raised in Plaintiff's Amended Complaint there is no administrative record to produce.  *See generally Nat'l Law Ctr. on Homelessness & Poverty v. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (noting that often "if an agency fails to act, there is no 'administrative record' for a federal court to review.").  Because Plaintiff's claim challenges government inaction, as opposed to action, the requirement of the local rules to produce an administrative record with the filing of Defendants' dispositive motion does not apply.  *See* LCvR

---

[2]   Plaintiff's reliance on *Champion Matters LLC v. Small Business Administration*, No. 22-0616 (RDM) is misplaced.  Contrary to Plaintiff's assertions, the judge's "inclination" is neither binding nor persuasive authority as the Court never issued a decision on the issue of unreasonable delay and, in fact, ultimately denied the parties' motions without reaching the issue.  Defendants, however, respectfully disagreed with the Court's preliminary inclination regarding the issue of unreasonable delay and provided a detailed analysis of the applicable statutory interpretation demonstrating why the Court's preliminary inclination was incorrect.  *Champion*, No. 22-0616 (RDM), Docket Nos. 23, 24.

7(n) (requirement applies "[i]n cases involving the judicial review of administrative agency *actions*") (emphasis added). Moreover, the production of an administrative record at this stage, even if there was one for the alleged ten-day "delay" between the SBA's May 13, 2022, recission and Plaintiff's May 23, 2022, Amended Complaint, is unnecessary—the United States seeks to dismiss this case not based on an administrative record, but instead based on the facts alleged in the complaint (for purposes of Defendants' 12(b)(6) motion) or, alternatively, the present status of the Plaintiff's Shuttered Venue Operator's Grant ("SVOG") application as described in the Stevens Declaration (for purposes of Defendants' alternative summary judgment motion). Thus, the lack of an administrative record in this matter is no barrier to the Court deciding Defendants' pending motion.

## II.     **The Timing of Defendants' Motion Was Proper.**

Relatedly, Plaintiff argues that there was something "procedurally flawed" and "premature" regarding Defendants' dispositive motion because it was filed prior to any period of discovery. Pl.'s Opp. at 1, 3-4, 9. Not so. The Federal Rules clearly provide that a party may move for summary judgment at any time, including the timing Defendants chose here—in combination with the filing of their responsive pleading. Fed. R. Civ. P. 56 ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). The timing of Defendants' motion is thus proper.

Plaintiff argues that "SBA cannot obtain Rule 56 relief at this time though a one-sided motion procedure . . . [through submitting] a self-serving affidavit that Plaintiff has had no opportunity to test of challenge through discovery[.]" Pl.'s Opp. at 3. Plaintiff purports to be entitled to a period of discovery, including the deposition of Mr. Stevens. *Id.* at 9. But again, Plaintiff misunderstands the applicable Federal Rule. Rule 56(d) provides a procedural mechanism

for discovery in cases where facts essential to an opposition are unavailable to a non-movant.  Fed. R. Civ. P. 56 (d).  Plaintiff here, however, has filed no motion pursuant to Rule 56(d), let alone one that meets Rule 56(d)'s standard, including the submission of a declaration or affidavit. Plaintiff entirely ignores the fact that discovery in APA cases is generally disfavored, *see, e.g.*, *Limnia, Inc. v. U.S. Dep't of Energy*, 347 F. Supp. 3d 25, 29 (D.D.C. 2018) ("discovery is generally disfavored in APA cases"), and does not explain how the deposition of Mr. Stevens or any of the other "limited discovery" to which Plaintiff claims to be entitled, *see* Pl's Opp. at 8-9, is "essential" to the resolution of Defendants' motion.  *See* Fed. R. Civ. P. 56(d).  Plaintiff's failure to abide by the procedures set out in the Federal Rules does not make the timing of Defendants' Motion improper, premature, or otherwise "procedurally flawed."  Because Defendants' motions are proper, the Court should not hesitate to decide them at this juncture.

### III.    The Stevens Declaration is Offered Only for Purposes of Defendants' Alternative Motion for Summary Judgment.

Plaintiff's opposition next suggests that Defendants have offered the Stevens Declaration for purposes of their 12(b)(6) motion to dismiss, that the Court may not consider it for such a purpose, and that without this declaration Defendants' 12(b)(6) motion must be denied because Defendants have offered "no argument" in support of that motion.   Pl.'s Opp. 6 ("The Court may deny Defendants' motion under Rule 12(b)(6) just based on the fact that the Defendants, themselves, have offered no arguments to the Court for dismissal under a proper Rule 12(b)(6) framework, despite acknowledging that framework in their brief.").  In advancing this argument, Plaintiff ignores the fact that Defendants explicitly advised the Court in their opening motion that "[t]o the extent the Court considers the Stevens Declaration in support of Defendants' argument that the delay here, if any, is not unreasonable, Defendants' motion must be converted into one for summary judgment."  Defs.' Mot. at 13 n.1.  This is not to say that Defendants advanced no

- 4 -

argument in support of their 12(b)(6) motion. To the contrary, Defendants argued that "[t]he Court may, however, conclude without relying on the Stevens Declaration that Plaintiff's allegation that a two-week delay constitutes an actionable delay under the APA fails to plausibly state a claim for relief, and may in that circumstance dismiss pursuant to Rule 12(b)(6)." *Id*. Indeed, as Defendants further argued, "[t]here is no statutory or regulatory timeframe within which SBA must re-review Plaintiff's application for SVOG funds and Defendant is unaware of a single authority supporting the allegation that a two-week delay in a similar circumstance is unreasonable. The Circuit has concluded that 'a reasonable time for agency action is typically counted in weeks or months[.]'" *Id.* at 19 (citing *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004)). To date, Plaintiff has still cited no authority to support the proposition that a two-week delay is unreasonable. Defendants have properly provided the Court with two alternative grounds in their motion: a motion to dismiss argument based on the allegations in the Amended Complaint and case law in this District, and an alternative motion for summary judgment in the event that the Court relies on the Stevens Declaration. Both motions are proper, both are supported with argument in Defendants' opening memorandum of law, and Plaintiff's suggestion to the contrary is without merit.

*     *     *

- 5 -

**CONCLUSION**

For all of the above reasons and all of the reasons articulated in Defendants' opening motion, the Court should grant Defendants' Motion to Dismiss or, in the alternative, enter Summary Judgment for Defendants.

Dated: July 12, 2022
　　　　Washington, DC

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES, D.C. Bar # 481052
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　By: /s/ *Stephanie R. Johnson*
　　　　　　　　　　　　　　　　　　　　STEPHANIE R. JOHNSON
　　　　　　　　　　　　　　　　　　　　D.C. Bar # 1632338
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　601 D Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　(202) 252-7874
　　　　　　　　　　　　　　　　　　　　Stephanie.Johnson5@usdoj.gov

　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*

- 6 -